**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as trustee, | ) ) ) |
| | ) Case No.: 17-cv-06309 |
| *Plaintiffs*, | ) |
| | ) Judge: |
| v. | ) |
| | ) Magistrate Judge: |
| MIRACLE SUPPLY COMPANY, INC., a Missouri Corporation, | ) ) |
| | ) |
| *Defendant*. | ) |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

**JURISDICTION AND VENUE**

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and arises from Defendant's failure to comply with its obligation to provide the Fund with access to certain business records in accordance with applicable participation and trust fund agreements.

2.     This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.     Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to compel an audit.

## PARTIES

4.     The Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5.     The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6.     Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7.     Defendant Miracle Supply Company, Inc. ("Miracle Supply") is a corporation organized under the laws of the State of Missouri. Miracle Supply is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8.     Local Union Nos. 245, 600, 682, and 688 (collectively, the "Local Unions") of the IBT are labor organizations which represent, for the purpose of collective bargaining, certain employees of Miracle Supply and employees of other employers in industries affecting interstate commerce.

9.      During relevant times, Miracle Supply and the Local Unions have been parties to collective bargaining agreements pursuant to which Miracle Supply has been required to make contributions to the Fund on behalf of certain of its covered employees.

10.      Miracle Supply and the Local Unions have also been parties to Participation Agreements which set forth certain terms under which Miracle Supply participates in the Fund, and requires Miracle Supply to pay contributions to the Fund.

11.      Pursuant to the Participation Agreements, Miracle Supply agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12.      The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

13.      The Trust Agreement permits the Fund to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

14.      Specifically, Article III, Section 5, of the Trust Agreement provides as follows:

> **Production of Records.** Each Employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its Employees, their Social Security numbers, the hours worked by each Employee and past industry employment history in its files and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or

advisable by the Trustees in connection with the proper
administration of the Trust.

15.     Article III, Section 6 of the Trust Agreement provides as follows:

[T]he Employer shall be liable for any attorneys' fees and costs in
any litigation or arbitration filed by the Fund . . . in which the Fund
prevails, including . . . suits or arbitrations relating to . . . audit
demands[.]

16.     Article XIV, Section 12 of the Trust Agreement provides as follows:

An Employer shall be required to pay audit fees and audit costs if
litigation is required to obtain access to any records that are
requested in connection with an audit and/or if litigation is required
to collect additional billings that result from the audit. Audit fees
will be calculated at the market rate for the metropolitan Chicago
area.

## STATUTORY AUTHORITY

17.     Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides in pertinent part:

A civil action may be brought--

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act
or practice which violates any provisions of the subchapter or the
terms of the plan, or (B) to obtain other appropriate equitable relief
(i) to redress such violations or (ii) to enforce any provision of this
subchapter or the terms of the plan. . . .

18.     Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), provides in pertinent part:

In any action under this subchapter . . . by a participant,
beneficiary, or fiduciary, the court in its discretion may allow a
reasonable attorney's fee and costs of action to either party.

## CLAIM FOR RELIEF

19.     By letter dated June 14, 2016, the Fund informed Miracle Supply of the Fund's

request to perform an audit and review Miracle Supply's records to verify the accuracy and

completeness of work history reported by Miracle Supply to the Fund for the period of

December 30, 2012  through December 26, 2015.

20.     Miracle Supply produced only some of the records requested but failed and refused to produce all records requested.

21.     The Fund has since been in consistent contact with Miracle Supply in an attempt to secure compliance with the Fund's audit request.

22.     Despite numerous attempts over the course of more than a year by the Fund to secure the requested documents, Miracle Supply has produced to date only some of the documents that the Fund requested.

23.     Miracle Supply has thus refused to comply with the Fund's audit request.

24.     Miracle Supply has breached the provisions of the collective bargaining agreements, the Participation Agreements, the Trust Agreement, and ERISA by refusing to comply with the Fund's audit request.

**WHEREFORE,** Plaintiffs request the following relief:

(a)     An order requiring Miracle Supply to comply with the terms of the collective bargaining agreements, the Participation Agreements, the Trust Agreement, and ERISA, and directing Miracle Supply to permit Plaintiffs' representatives to conduct an audit for the period of December 30, 2012  through December 26, 2015, at Miracle Supply's place of business and to provide representatives of Plaintiffs with any and all records reasonably required by Plaintiffs in connection with the audit request and the proper administration of the Fund;

(b)     That Miracle Supply be ordered to pay all audit costs incurred by the Fund in performing the audit;

(c)     That Miracle Supply be ordered to pay all attorney's fees and costs incurred by the Fund in connection with this case;

(d)     That the Court retain jurisdiction of this cause pending compliance with its order;

and

(e)     Such further or different relief as this Court may deem proper and just.


                                        Respectfully Submitted,

                                        /s/ Corey J. Jahner
                                        Corey J. Jahner
                                        Attorney for Plaintiffs
                                        Central States, Southeast and
                                        Southwest Areas Pension Fund
                                        9377 W. Higgins Road, 10th Floor
                                        Rosemont, Illinois 60018-4938
August 31, 2017                         ARDC # 6313125